**Freddie L. DAVIS, Plaintiff–Appellant,**

v.

**COTTING CARRIERS, Defendant–Appellee.**

**No. 03–6203.**

United States Court of Appeals, Sixth Circuit.

June 21, 2004.

Freddie L. Davis, Memphis, TN, pro se.

J. Gregory Grisham, William C. Sessions, Weintraub, Stock, Bennett & Grisham, Kenneth O. Cooper, McLeary, Domico & Kyle, Memphis, TN, John H. Dowell, Harris, Dowell, Fisher & Harris, St. Louis, MO, for Defendant–Appellee.

Before: NORRIS, COLE, and ROGERS, Circuit Judges.

## ORDER

Freddie L. Davis, a Tennessee resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–16 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2002, Davis filed two lawsuits, one against his former employer Consolidated Personnel Corporation (CPC) and one against Cotting Carriers, Inc. (Cotting), a trucking company that obtained its drivers from CPC. In this action, Davis, an African–American, alleged that Cotting discriminated against him on the basis of race when the company caused him to be fired. Cotting moved for summary judgment, relying on affidavits and on Davis's deposition from his lawsuit against CPC. Davis did not respond to Cotting's motion, and the district court granted summary judgment to Cotting. The district court also denied Davis's motion for reconsideration.

On appeal, Davis argues that he did not respond to Cotting's motion for summary judgment because he never received it. He has also moved for in forma pauperis status on appeal.

We review an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Where the nonmoving party fails to respond to the motion for summary judgment, the trial court is under no obligation to search the record to establish an absence of a genuine issue of material fact. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989). In this posture, the trial court may rely upon the facts presented and designated by the moving party. *Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 404 (6th Cir.1992). On appeal, this court limits the scope of its review to the record considered by the district court in granting the motion for summary judgment. *See id.*

Upon review, we affirm the district court's decision for the reasons stated by the district court. According to the evidence presented by Cotting, Davis began working for CPC in June 2000. He drove a truck for Cotting, making deliveries to the Norfolk Southern railroad station in Memphis, Tennessee. Davis's supervisor

swore in an affidavit that Davis had a series of altercations with employees at Norfolk Southern which led Norfolk Southern to ban Davis from the premises. CPC fired Davis because he could no longer make deliveries for Cotting. Davis contended that workers at Norfolk Southern were at fault because they used racial language against him. Cotting denied any racial motive in its actions, noting that most of its drivers were black, that another driver was let go for the same reason as Davis, and that Davis was not replaced by a white driver.

Cotting was entitled to a judgment as a matter of law because Davis failed to establish a prima facie case of discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992). The only evidence of discrimination was Davis's conclusory allegation in his complaint. He did not allege or show that a comparable non-protected person was treated better, and there was no evidence that Cotting's reason for terminating Davis was a pretext for discrimination. Given Davis's failure to come forward with any significant probative evidence of discrimination, the district court properly granted summary judgment to Cotting.

Davis's argument on appeal is without merit. The record indicates that Cotting served the motion for summary judgment on Davis, and Davis has not suggested what facts he would have raised that could have changed the outcome of the case.

For the foregoing reasons, we grant Davis in forma pauperis status for the limited purpose of deciding this appeal and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.